UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH MICHAEL DAVIS,

    Petitioner,

v.                                    Case No. 3:23-cv-6488-LC-HTC

WILLIAM POWELL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Joseph Davis ("Petitioner"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking immediate release from pretrial detention and for the Court to "enjoin" his pending state criminal proceedings.[1] ECF Doc. 1. Petitioner alleges he is being "illegally held on fabricated evidence and without probable cause." *Id.* at 8. Upon consideration, the undersigned recommends the action be dismissed based on the *Younger* abstention doctrine.[2]

---

[1] The court served the petition on Respondent, who answered that the County is "charged with the ministerial duty to maintain custody of the Petitioner pursuant to lawful order of the circuit court" and thus takes no position on the petition. ECF Doc. 7. Instead, the Respondent forwarded the petition to the Attorney General. The Court has not required service on the Attorney General because, upon screening the petition under Habeas Rule 4, the undersigned finds dismissal is appropriate as it "plainly appears" Petitioner is not entitled to relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

I.     **BACKGROUND**

Petitioner is currently awaiting trial on charges of Grand Theft Auto, Burglary of an Unoccupied Structure, Grand Theft and Criminal Mischief.  ECF Doc. 8 at 11.  The online docket for Petitioner's state criminal case, Case No. 2022 CF 3278, shows that it is still pending, with various *pro se* motions set to be heard on July 14, 2023, and a docket day set for September 6, 2023.[3]

The following facts are taken from the Petition and exhibits supplied by Petitioner.  ECF Docs. 1, 8.  At around 2:00 a.m. on July 17, 2022, after a night of drinking beer outside of "Beer City" in Pensacola, Petitioner drove in a white van to get more beer from a different 24-hour store down the road.  ECF Doc. 1 at 17-18.  On the way, he was stopped for failing to turn on his headlights, and the officer eventually arrested him for drunk driving.  *Id.*  The next day, July 18, 2022, a nearby business reported that the white van, and some power tools, had been stolen sometime after July 15, 2022.  ECF Doc. 8 at 3-4.  A review of the business' video showed the van leaving the premises at 11:14 p.m. on July 16, 2022.  *Id.* at 4.

In the arrest warrant, which the state court relied upon to find probable cause for Petitioner's arrest, Detective Burns averred that, once he became aware of the hit

---

[3] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).  Petitioner's state court docket in his pending state criminal proceeding is available at http://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search.  Also, Petitioner attached some of the state court documents to the Petition and the Reply.

on the stolen van, he interviewed Petitioner at the jail.  ECF Doc. 8 at 4.  Petitioner told Detective Burns that he had walked to the Beer City that night, and only first got in the van to make a trip to the 24-hour store to buy more beer after the Beer City closed.  *Id.*  Petitioner borrowed the van from two white males who he knew from the street who were also hanging out behind Beer City drinking.  *Id.*

Detective Burns reviewed the video at Beer City, and it showed that Petitioner pulled up in the stolen van to the pumps at Beer City at 12:30 a.m. on July 17, 2022, got out, went into the store, exited after purchasing a drink, and went behind the building to drink it.  *Id.*  This information contradicted Petitioner's interview statement that he only first got in the van once it was already at Beer City and that he did so to go to the 24-hour store after Beer City closed.  *Id.*  Also, the employees at the business stated that Petitioner had previously worked at the business.  *Id.*

Petitioner claims Detective Burns' statements regarding him pulling up to Beer City at 12:30 a.m. and getting a beer must be false because "Beer City has always closed at 11:30 p.m. on any given day."  ECF Doc. 1 at 19.  Also, Petitioner alleges that a retired law enforcement officer friend later told him that he (the friend) reviewed the Beer City video and it "clearly showed Petitioner entering the store at 11:19 p.m., purchasing a drink from the ice barrel in front of the checkout counter."  ECF Doc. 1 at 20.

Case No: 3:23-cv-6488-LC-HTC

Petitioner, thus, alleges he is being illegally detained in violation of the Fourth Amendment and contends Detective Burns knowingly submitted false statements in the arrest warrant affidavit that contradicted surveillance videos, audio interviews, and narrative reports.  Petitioner argues Detective Burns "duped" the Judge into signing the arrest warrant and therefore Petitioner's current imprisonment is "unreasonable and unwarranted" and constitutes false arrest.  ECF Doc. 1 at 8.  Petitioner further argues his continued detention violates his guaranteed substantive due process rights under the Fourteenth Amendment.  Finally, Petitioner alleges the state court denied him proper due process when it "deviated from the normal practice and previous rulings of the court by denying a facially sufficient habeas petition." *Id.* at 9.

## II.   ANALYSIS

Under the Supreme Court case *Younger v. Harris* and its progeny, federal district courts must refrain from "enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (citing *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)).  The decision to refuse to enjoin pending state criminal prosecutions is based on principles of equity and comity.  *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004).  When a petitioner requests federal habeas relief while

his state criminal case is currently pending, he must satisfy the *Younger* abstention hurdles before the federal courts can grant relief. *Id.* at 1262.

A court should abstain from granting injunctive relief under *Younger* where: (1) granting the relief would interfere with a state proceeding that is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Each of those three factors is met here.

First, a determination by this Court that Detective Burns provided false information in the affidavit, that Petitioner's Fourth Amendment rights have been violated, and Petitioner should be released would undoubtedly interfere with the ongoing state criminal proceedings. Second, the state has an interest in prosecuting criminal cases and in protecting its citizens from being arrested on false information sworn to by detectives. *Young v. Kelly*, No. 4:21-CV-00399-WS-MAF, 2021 WL 6127497, at *3 (N.D. Fla. Nov. 10, 2021) ("States clearly have an interest in prosecuting violations of their laws."), *adopted*, 2021 WL 6125769 (N.D. Fla. Dec. 28, 2021) (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977)). Punishing public offenders and prosecuting alleged crimes is much more the duty of the States than it is of the Federal Government. *See Patterson v. New York*, 432 U.S. 197, 201 (1977).

Third, Petitioner can (and has) argued to the state courts that the arrest is unlawful. Petitioner filed a Petition for Writ of Habeas Corpus in the Florida First District Court of Appeal ("First DCA") challenging his alleged unlawful detention on the same basis he now asserts. ECF Doc. 1 at 14. The First DCA denied the petition. *Id.* at 10. Petitioner filed a second motion for rehearing and rehearing *en banc*, which was also denied. *Id.* at 11. Petitioner then sought to invoke discretionary jurisdiction of the Florida Supreme Court for review of the First DCA's denial of the Habeas Corpus Petition. *Id.* at 4. The Florida Supreme Court dismissed for lack of jurisdiction. *Id.* at 12. Petitioner does not allege the state courts were inadequate or unwilling to address his claims. Additionally, Petitioner has a hearing set in state court on various currently pending state court motions and can raise whatever issues he chooses in his ongoing criminal prosecution and direct appeal. Therefore, all three *Younger/Middlesex* factors weigh in favor of abstention.

Petitioner also does not meet any of the exceptions to the *Younger* doctrine. In *Younger*, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Younger,* 401 U.S. at 45, 53–54.

Petitioner makes no allegation against the state showing the proceedings were carried out in bad faith. To show bad faith, a plaintiff must show the harassment be

targeted at a constitutional right. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 911 (11th Cir. 2023) (citing *Lewellen v. Raff*, 843 F.2d 1103, 1109–10 (8th Cir. 1988) ("distinguishing between those bad faith prosecutions that lack 'probable cause' and ones brought to chill the exercise of constitutional rights"). Petitioner's allegations against Detective Burns are insufficient to satisfy the bad faith standard. *See Wimberly v. Warden, Ga. Diagnostic Ctr.*, 2006 WL 2849708, at *3 (N.D. Fla. Oct. 2, 2006) (stating challenges to arrests and searches are frequently adjudicated in state criminal cases and are not appropriate challenges under *Younger*).

Petitioner does not demonstrate irreparable injury. *Younger* made clear the mere fact that a defendant must defend himself in state court proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 (finding "the cost, anxiety, and inconvenience of having to defend against ... criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term."). Also, Petitioner does not claim that the state law applicable to him "flagrantly and patently violates the federal constitution" or "other unusual circumstances exist that require equitable relief." *See Mitchum v. Foster*, 407 U.S. 225, 230 (1972).

Finally, as set forth above, Petitioner has an adequate remedy in the state courts. The Florida state courts are "fully competent" to hear and decide federal constitutional issues. *Johnson v. Florida*, 32 F.4th 1092, 1101 (11th Cir. 2022).

Case No: 3:23-cv-6488-LC-HTC

Accordingly, none of the *Younger* exceptions apply and this Court should abstain from hearing this case.

Accordingly, it is RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241, ECF Doc. 1, be DISMISSED WITHOUT PREJUDICE under *Younger*.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of July, 2023.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No: 3:23-cv-6488-LC-HTC